**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**CARL A. DAVIS and
MARK A. FRANKLIN**                                                                                    **PLAINTIFFS**

**V.**                                       **CASE NO. 5:15-CV-00079 JLH/BD**

**EDWARD ADAMS, et al.**                                                                     **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion:**

On March 11, 2015, Plaintiffs Carl Davis, Percy Little, and Mark Franklin filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  Plaintiffs Davis and Franklin are currently proceeding *in forma pauperis*.  On April 28, 2015, Judge Holmes dismissed Mr. Little's claims.  (#21)  The Court now recommends that the Plaintiffs' remaining claims be DISMISSED, without prejudice.

In their complaint, Plaintiffs Davis and Franklin allege that they were the victims of an inmate assault while they were housed at the W.C. "Dub" Brassell Adult Detention Center ("Detention Center") in February of 2015. They allege that the incident was the result of the negligence of Detention Center staff members Edward Adams, Tyra Tyler, and Greg Bolin.

Jail officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). But the fact that an attack occurred does not automatically indicate that jail officials are liable. To establish this constitutional violation, Plaintiffs Davis and Franklin must allege, not only that their incarceration posed a substantial risk of serious harm, but also that the Defendants actually knew of, but disregarded or were deliberately indifferent to, the inmates' health or safety. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).[1]

Here, Plaintiffs explain that <u>following</u> the underlying incident, they submitted multiple grievances to Defendants Adams, Tyler, and Bolin regarding their safety. They

---

[1] It is unclear whether Plaintiffs were convicted prisoners or pre-trial detainees at the time they filed this lawsuit. In their complaint, Plaintiffs indicate that they were incarcerated for "parole violation and pending charges." (#2 at p.3) However, even if Plaintiffs were pre-trial detainees, the Court of Appeals for the Eighth Circuit "repeatedly [has] applied the deliberate indifference standard as is applied to Eighth Amendment claims made by convicted inmates." *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010) (quoting *Vaughn v. Greene Cnty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006) (internal quotation marks omitted)).

allege that these Defendants failed to respond to those grievances in any way, leading Plaintiffs to continue to fear for their well-being.  Importantly, neither Plaintiff alleges that the Defendants were aware of a risk posed to the Plaintiffs' health or safety <u>prior to</u> the attack.  Without knowledge of the risk, there is no basis for the Court to conclude that any of the Defendants are liable for disregarding the Plaintiffs health or safety.  For this reason, the Plaintiffs' allegations fall short of stating a constitutional claim for failure to protect.  Furthermore, the Defendants' failure to respond to the Plaintiffs' grievances does not rise to a constitutional level.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.     Conclusion:

The Court recommends that Plaintiffs' claims be DISMISSED, without prejudice, this 29th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE